(110 App. Div. 579.)

PEOPLE ex rel. BENDER v. MILLIKEN et al.

(Supreme Court, Appellate Division, Third Department. January 8, 1906.)

1. STATES—OFFICERS—INVESTIGATIONS BY CIVIL SERVICE COMMISSION—OFFICERS SUBJECT TO INVESTIGATION.

Laws 1899, p. 797, c. 370, § 6, subd. 3, prescribing that the state civil service commission shall "make investigations concerning and report upon all matters touching the enforcement and effect of the provisions of this act * * * concerning the action of any examiner or subordinate of the commission, and any person in the public service in respect to the execution of this act," authorizes an investigation of all matters touching the enforcement of the act concerning the action of any persons in the public service, and is not limited to an investigation of collusion between an examiner and subordinate of the commission and persons in the public service.

2. CONSTITUTIONAL LAW—DELEGATION OF POWER TO CIVIL SERVICE COMMISSION.

Laws 1899, p. 797, c. 370, § 6, prescribes that the state civil service commission shall make investigations concerning the action of persons in the public service in respect to the execution of such act, and in the course of such investigation each commissioner has power to administer oaths. It is made the duty of the commission to make annual reports to the Governor for transmission to the Legislature, "showing its own action, the rules and regulations and the exceptions thereto in force, and the practical effects thereof, and any suggestions it may approve for the more effectual accomplishment of the purpose of this act." The commission is given no power to act upon the evidence, except to report to the Governor. Held, that such grant of power was legal, notwithstanding the investigation authorized might relate to acts constituting a crime and ground for dismissal from public service.

3. STATES—CIVIL SERVICE—COMMISSION—PROCEEDINGS TO INVESTIGATE VIOLATIONS OF LAW.

In proceedings by the state civil service commission to investigate the acts of a certain officer of the state, the papers were entitled, "In the Matter of Alleged Violation of Section 24 of the Civil Service Law in the Department of the Fiscal Supervisor of State Charities." Held, that there was nothing in this title to indicate that the commission was seeking to fasten upon such officer a crime, or in any way to exceed their powers to investigate and report the evidence to the Governor, as granted by Laws 1899, p. 797, c. 370, § 6.

Chester, J., dissenting.

Appeal from Special Term, Albany County.

Action by the people of the state of New York, on the relation of Harry H. Bender, against Charles F. Milliken, and others, constituting the state civil service commission, and others. From an order

denying relator's application for a writ of prohibition absolute, he appeals. Affirmed.

The defendants, comprising the state civil service commission, were proceeding to investigate a complaint made by one Doty against the fiscal supervisor of state charities. The charge made in the complaint was a violation of section 24 of the civil service law (chapter 370, page 810, Laws 1899). Section 24 of that law, as far as is here applicable, provides that no officer of the state shall directly or indirectly use his authority or influence to compel or induce any employés under the state government to pay or promise to pay any political subscription; that every such officer in charge or control of any building or room occupied for the purposes of the government is authorized to prohibit the entry of any person, and is forbidden knowingly to permit any person to enter the same for the purpose of making or collecting political assessments. It is further in that section provided that any person guilty of violating any provision of the section shall be deemed guilty of a misdemeanor. The investigation had proceeded for a time ex parte. Thereafter notice was given to the relator with a copy of the charges made. The relator appeared and objected to the continuance of the investigation, and, upon his objection being overruled, an alternative writ of prohibition was served. Upon the return made to this alternative writ the matter came on for argument before the special term, where the relator's application for the writ was denied. From the order denying this application, this appeal has been taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and KELLOGG, JJ.

Countryman, Nellis & Du Bois (E. Countryman, of counsel), for appellant.

Julius M. Mayer, Atty. Gen., for respondent civil service commission.

Nelson S. Spencer, for respondent Elliott H. Goodwin.

SMITH, J. By chapter 252, p. 665, of the Laws of 1902, the office of fiscal supervisor of state charities was created. Pursuant to that act the relator was appointed to such office by the Governor with the consent of the Senate. The act provides that the fiscal supervisor may be removed by the Governor for cause; an opportunity being given him to be heard in his defense.

By section 9 of article 5 of the state Constitution it is provided that appointments and promotions in the civil service of the state shall be according to merit and fitness, and it is further provided that laws shall be made to provide for the enforcement of this section. Chapter 370, p. 795, of the Laws of 1899, assumes to carry into effect this provision of the Constitution. By this act the state civil service commission is created to be appointed by the Governor with the advice and consent of the Senate. The powers and duties of this commission are prescribed by section 6 of the act. The commission is directed to prescribe and enforce suitable rules and regulations for carrying into effect the provisions of the act and of section 9 of article 5 of the Constitution, and such rules are given the force and effect of laws. Subdivision 3 of that section, which is here for interpretation, prescribes that the state civil service commission shall:

"Third. Make investigations concerning and report upon all matters touching the enforcement and effect of the provisions of this act and the rules and regulations prescribed thereunder, concerning the action of any examiner or subordinate of the commission and any person in the public service, in re-

spect to the execution of this act, and in the course of such investigations each commissioner and the secretary and the chief examiner shall have power to administer oaths."

By the fifth subdivision it is made the duty of this commission to make annual report to the Governor for transmission to the Legislature, "showing its own action, the rules and regulations and the exceptions thereto in force, and the practical effects thereof and any suggestions it may approve for the more effectual accomplishment of the purposes of this act." The defendants claim the right to proceed under subdivision 3 of section 6 above quoted.

This right the relator challenges upon two grounds: First, that the right to make this investigation is not within the terms of the act; secondly, if the act be construed to authorize this investigation, that to this extent the act is in excess of legislative power under the Constitution.

The right of investigation given by the statute is "upon all matters touching the enforcement and effect of the provisions of this act and the rules and regulations prescribed thereunder, concerning the action of any examiner or subordinate of the commission 'and' any person in the public service." The relator urges that this word "and" should be interpreted as meaning "in collusion with" or "in connection with"; and thus that the subject of investigation intended to be authorized by the Legislature was simply an investigation of collusion between an examiner or subordinate of the commission and any person in the public service. We are unable to agree with his contention. The construction contended for is a forced construction, limiting without warrant the right of investigation which seems to us to be clearly given by the statute. The natural interpretation of the statute authorizes an investigation upon all matters touching the enforcement and effect of the act and of the rules and regulations prescribed thereunder, concerning the action of any examiner or subordinate of the commission and concerning the action of any person in the public service. No reason is assigned why the court, by forced construction, should limit the right of investigation which seems to have been given by the statute. No ground of public policy can be urged which would restrain this investigation to ascertain whether a public officer has violated the law which he has sworn to enforce. The restraining influence upon a public officer, which the publicity caused by such an investigation must necessarily have, must be beneficial rather than detrimental to the public service.

Again, relator further contends that such a right of investigation cannot rightfully be given by the Legislature. He contends that the investigation is in the nature of a prosecution for a crime, and further cites the rule promulgated by the commission to the effect that a violation of any of the provisions of the act is cause for dismissal from the public service. In view of this rule, he contends that this right of trial and dismissal cannot rightfully be given to the commission. The rule referred to, however, clearly cannot affect the relator. The defendants, upon this argument, make no claim of the right of dismissal. That rule must be deemed to refer to such subordinates as are subject to their jurisdiction to remove. If, also,

this investigation be for a lawful purpose, it cannot matter that the acts investigated may constitute a crime. There is no assumption of any right by the defendants to punish for any crime. The commission has no power to act upon the evidence, except to report to the Governor. It is made the duty of this commission to make annual report to the Governor for transmission to the Legislature, showing its own action, the rules and regulations and exceptions thereto in force, and the practical effects thereof, and any suggestions which may be approved for the more effectual accomplishment of the purpose of this act. The information thus furnished to the Governor may be made by him the basis of charges against a public official which are to be tried pursuant to the law in an application for his removal. The information may also be made the basis of further legislation for the more effectual accomplishment of the purposes of the act and of the constitutional provision. It is not necessary to suggest in what way the act may be amended for the better accomplishment of this purpose. The facts to be ascertained may be important to determine that no further amendment is necessary. If a legitimate purpose be possible which will make valid the authority to investigate, that purpose should clearly be presumed. In People ex rel. McDonald v. Keeler, 99 N. Y. 487, 2 N. E. 627 (52 Am. Rep. 49), it was sought to prohibit an investigation by a legislative committee. Judge Rapallo, in writing for a unanimous court, says:

"The Legislature had no power to remove the commissioner or any officer of the department, and the only action the committee could recommend would be appropriate legislation to prevent a recurrence of the frauds or irregularities, if they were found to exist and to be of such a nature that they could be prevented or rendered more difficult by legislation. We are bound to presume that the action of the legislative body was with a legitimate object, if it is capable of being so construed, and we have no right to assume that the contrary was intended. The same principle, which renders it the duty of courts to hold legislative action illegal when it unduly encroaches upon the province of the judiciary, forbids interference by the latter with the action of legislative bodies or the exercise of their discretion in matters within the range of their constitutional powers."

In People v. Sharp, 107 N. Y. 447, 14 N. E. 333 (1 Am. St. Rep. 851), Judge Danforth, in writing for the court, says:

"It was also held that, when institutions or public officers were ordered to be investigated, it is to be presumed that such an investigation was with a view to some legislative action in regard to them."

It is contended by the relator, however, that it is conclusively shown that this investigation was not for a legitimate purpose by the title of the papers used before the commission. The papers are entitled "In the Matter of Alleged Violation of Section 24 of the Civil Service Law in the Department of the Fiscal Supervisor of State Charities." We are unable to find anything in this title which negatives a legitimate purpose in this investigation. It does not indicate, as is claimed by the relator's counsel, that the commission is seeking to fasten upon the relator a crime. It only indicates that the investigation is in relation to a violation of a certain section of the civil service act. An investigation of a violation of that section can be made as an aid to legislative action. If it clearly appeared that this

investigation were for some other purpose, it might be unauthorized. With the legal presumption, however, that the investigation is for the purpose of aiding the Legislature in their duties in reference to the enactment of necessary laws, we find nothing which overbears this presumption or which authorizes us to hold that the investigation is for an improper purpose and therefore unauthorized. We are referred to some cases wherein investigations have been either allowed or restrained. None of them, however, are in cases sufficiently analogous to the case at bar to give us material aid in concluding upon this question. We are of opinion, therefore, that the investigation is within the authority of the law, and that the direction therefor in the statute was within the right of the Legislature. These conclusions lead to an affirmance of the order.

Order affirmed as a matter of law and not of discretion, with costs. All concur, except CHESTER, J. who dissents.